IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SEAN SALLACE EARL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00165 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER A. JOHNSON, | ) | By:   Hon. Thomas T. Cullen |
|     Defendants. | ) |         United States District Judge |

Plaintiff Sean Sallace Earl, a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, against Officer A. Johnson. The court has reviewed Earl's amended complaint, and concludes that Earl fails to state a cognizable federal claim against the defendant. Therefore, the court will dismiss Earl's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

In his amended complaint, Earl alleges the following:

> By Augusta County Circuit Court May 9, 2019 trial transcript, Ashlyn D. Colvin said in the testimony on August 13, 2018 [that] Sean Sallace Earl was not on the request form appointment list. Transcript pages 13, 14, 15. N3 and N4 controlled movement master pass list Officer A. Johnson breach[ed] prison security by opening two slider doors in the back of N3 and N4 in the hallway to Counselor Ashlyn D. Colvin['s] Office. Transcript pages 16, 17, 18. By Augusta Correctional Center Orientation Manu[a]l, communication with staff and controlled movement master pass list. A violation of the 8[th] amendment cruel and unusual punishment fundamental rights. [sic]

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "While a court must accept the material facts alleged

in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted). The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency, and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). A violation of a prison policy, by itself, does not support a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752–55 (1979) (allegations that officials have not followed their own policies or procedures, standing alone, do not amount to constitutional violations).

Despite having the opportunity to amend his complaint, Earl has not alleged sufficient facts for the court to determine that Officer Johnson subjected Earl to cruel and unusual living conditions or that he violated any other of Earl's federal rights. Accordingly, the court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTERED** this 27th day of October, 2020.

*/s/ Thomas T. Cullen*
_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE